**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL MARK OXFORD,

    Petitioner,

v.                                                          CV No. 19-172 JCH/CG

FNU MARTENEZ, Warden,
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Daniel Mark Oxford's *28 U.S.C. § 2254 Habeas Corpus Petition* (the "Petition"), (Doc. 1). In his Petition, Mr. Oxford challenges his state rape convictions based on, *inter alia*, ineffective assistance of counsel. The Court, having reviewed the case under Habeas Corpus Rule 4, will require Mr. Oxford to show cause why his Petition should not be dismissed as untimely.

**I.  Procedural Background**[1]

In December 2015, Mr. Oxford pled guilty to seven counts of criminal sexual penetration of a child and one count of witness bribery. (Doc. 1 at 1). The state court sentenced him to 75 years imprisonment, with thirty years suspended. *Id.* Judgment on the conviction and sentence was entered February 8, 2016. *See* Judgment and Order in

---

    1.    The background facts are taken from the Petition, the attachments, and Mr. Oxford's state criminal docket, D-307-CR-2015-00215, which is subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed"); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

D-307-CR-2015-00215. Mr. Oxford did not file a direct appeal. (Doc. 1 at 2). His conviction therefore became final on March 10, 2016, after the 30-day appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment).

On March 27, 2017, Mr. Oxford filed a state habeas petition. (Doc. 1 at 8); *see also* Habeas Corpus Petition in D-307-CR-2015-00215. The state court denied Mr. Oxford's petition on November 7, 2018. (Doc. 1 at 8). Mr. Oxford sought certiorari review, and the New Mexico Supreme Court ("NMSC") denied relief by an Order entered January 7, 2019. *Id.* at 18. Mr. Oxford filed the instant § 2254 Petition on March 4, 2019. (Doc. 1). In his Petition, Mr. Oxford argues his plea was not knowing/voluntary and plea counsel provided ineffective assistance. Mr. Oxford paid the $5 habeas fee, and the matter is ready for initial review.

**II.   Initial Review of the § 2254 Petition**

The Petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.* As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006).

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);
(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);
(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or
(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the limitation period began to run on March 10, 2016, after Mr. Oxford declined to appeal the criminal judgment. *See Locke*, 237 F.3d at 1271-1273. There was no tolling activity during the next year, and the one-year period appears to have expired on March 10, 2017. Any state post-conviction proceedings filed after that date did not – as Mr. Oxford may believe - restart the clock or otherwise impact the one-year period. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same). Mr. Oxford's federal Petition filed on March 4, 2019 therefore appears to be time barred.

The Court will require Mr. Oxford to show cause within thirty (30) days of entry of this Order why his § 2254 Petition should not be dismissed as untimely. If Mr. Oxford concedes the Petition is untimely or otherwise declines to timely respond to this Order, the Court will dismiss this habeas action without further notice.

**IT IS THEREFORE ORDERED** that no later than **July 3, 2020**, Mr. Oxford shall file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE