**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARIO ACOSTA,

    Petitioner,

v.                                      No. CV 19-352 RB/CG

DANIEL PETERS, et al.,

    Respondents.

## **ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on Petitioner Mario Acosta's *Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (the "Petition"), (Doc. 1), filed April 16, 2019, and Respondents Daniel Peters and Hector Balderas' *Answer to Mario Acosta's Pro Se Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]* (the "Answer"), (Doc. 14), filed June 26, 2020. In his Petition, Mr. Acosta seeks federal habeas relief pursuant 28 U.S.C. § 2254 ("§ 2254") on four grounds: (1) his *Miranda* waiver was involuntarily given; (2) his "mental conditions were not stable;" (3) ineffective assistance of counsel; and (4) mental illness. (Doc. 1 at 1-10). In their Answer, Respondents contend Mr. Acosta has not exhausted his second, third, and fourth grounds for relief. (Doc. 14 at 5-6). As such, Respondents argue grounds two, three, and four in Mr. Acosta's Petition should be dismissed without prejudice. *Id.*

Before discussing the merits of Mr. Acosta's claims, the Court must address the threshold issue of exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982). Prior to proceeding in federal court on a § 2254 habeas action, an individual must first seek relief from the state court. *Id.* at 518-19. Based on principles of comity, federal courts

should defer action on a state case until the state court has a full opportunity to review all claims of constitutional error. *Id.*

An individual may exhaust his claims at the state-court level by either presenting his arguments on direct appeal or through collateral review. *See e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Banks v. Dretke*, 540 U.S. 668, 690 (2004). Additionally, an individual must plead his claim with specificity, to adequately apprise the state courts of the presence of his federal claim. *Baldwin v. Reese*, 541 U.S. 27, 31-33 (2004). Indeed, both the allegations and the supporting evidence must "provide the state courts 'a fair opportunity' to apply controlling legal principles to the facts bearing upon [the] constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Here, Mr. Acosta presents four grounds for federal habeas relief before the Court. First, Mr. Acosta argues his *Miranda* waiver was involuntarily given because the investigating officer knew his "mental condition [was] not stable" when he elicited the waiver. (Doc. 1 at 5). Respondents concede this argument has been fully exhausted at the state-court level. (Doc. 14 at 5). Indeed, Mr. Acosta argued his *Miranda* waiver was unconstitutional before both the New Mexico Court of Appeals and the New Mexico Supreme Court on direct appellate review. *See* (Doc. 14-1 at 30, 60). As such, the Court finds ground one in Mr. Acosta's Petition, the issue of a knowing and voluntary *Miranda* waiver, has been properly exhausted in state court.

Next, in ground two, Mr. Acosta argues his "mental conditions were not stable." (Doc. 1 at 7). Similarly, in ground four, Mr. Acosta argues he is mentally ill. *Id.* at 10. In their Answer, Respondents contend neither grounds two nor four were properly exhausted in state court. (Doc. 14 at 5). In liberally constructing Mr. Acosta's Petition, it

appears he may be arguing mental instability and mental illness under the umbrella of his involuntary *Miranda* waiver. *See Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (instructing courts to excuse a pro se litigant's "confusion of various legal theories" to afford their arguments liberal construction) (citation omitted). Specifically, in state court, Mr. Acosta's counsel argued his *Miranda* waiver was unconstitutional because he lacked the mental capacity to voluntarily waive his rights. *See* (Doc. 14-1 at 30, 60). As such, while these claims are not independently exhausted, they may be construed as sub-arguments under Mr. Acosta's first ground for relief under *Miranda*.

Finally, in ground three, Mr. Acosta asserts ineffective assistance of counsel. (Doc. 1 at 8). Mr. Acosta contends his public defender knew about his jeopardized mental state but she "failed to perform her duties the right way." *Id.* In support of this contention, Mr. Acosta cites an Order to Show Cause issued by the New Mexico Court of Appeals. (Doc. 1 at 8). In their Answer, Respondents argue Mr. Acosta did not present this argument before the state courts in either direct appellate review or through post-conviction attack. (Doc. 14 at 5).

On April 14, 2019, the New Mexico Court of Appeals issued an Order to Show Cause after receiving Mr. Acosta's *pro se* docketing statement requesting appellate review. (Doc. 1-1 at 10). In the Order, the Honorable Michael Vigil directed Mr. Acosta's public defender to show cause why Mr. Acosta filed his docketing statement *pro se*, despite indicating he was represented by counsel. *Id.* In response to the Order to Show Cause, Mr. Acosta's counsel filed a formal docketing statement contesting the voluntariness of his *Miranda* waiver. (Doc. 14-1 at 29).

3

Mr. Acosta's *pro se* docketing statement presented to the New Mexico Court of Appeals, which argued ineffective assistance of counsel, was therefore superseded by counsel's formal docketing statement filed in response to the Order to Show Cause. In addition, ineffective assistance of counsel was not an issue raised before the New Mexico Supreme Court, and this issue therefore did not undergo full state-court exhaustion. *See O'Sullivan*, 526 U.S. at 845 ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round* of the State's established appellate review process.") (emphasis added). As such, the Court finds this claim was not exhausted at the state-court level.

In determining only some of Mr. Acosta's claims have been exhausted, the Court will direct Mr. Acosta to show cause on how to proceed. Specifically, when an individual has not exhausted his claims in state court, the federal court may either: (1) dismiss the petition in its entirety without prejudice, allowing the litigant to exhaust state-court remedies and refile his federal habeas petition at a later date; (2) stay the petition and hold it in abeyance while the litigant returns to state court to exhaust his claims; (3) allow the litigant to dismiss the unexhausted claims and proceed with only the exhausted claims; or (4) ignore the exhaustion requirement and deny the petition on the merits if none of the litigant's claims have any merit. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

Under option one, if Mr. Acosta dismisses his petition without prejudice to pursue exhaustion in state court, any subsequent request for review by this Court will likely be time-barred. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (explaining that an application for federal habeas review does not toll the limitations period for any

4

subsequent petition). Under option two, this approach is generally "disfavored," and very rarely afforded to litigants absent evidence of good cause. *See Fairchild*, 579 F.3d at 1152-53. With these considerations, Mr. Acosta's most effective strategy to receive relief before this Court is to proceed under option three and dismiss his unexhausted claims without prejudice and proceed on the merits of ground one. Mr. Acosta may then argue the merits of grounds two and four under the umbrella of ground one. Grounds two and four will not be construed as independent avenues for relief, but the substance of these arguments may be proffered to support relief under ground one.

**IT IS THEREFORE ORDERED** that Mr. Acosta is directed to show cause regarding how he would like to proceed under the options available. Mr. Acosta's Response to the Court's Order to Show Cause is due no later than **August 5, 2020**. If Mr. Acosta does not timely respond to this Order, the Court may dismiss his Petition without prejudice to allow him to collaterally attack his conviction in state court.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE