**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARIO ACOSTA,

    Petitioner,

v.                                                                                       CV No. 19-352 RB/CG

DANIEL PETERS, et al.,

    Respondents.

**ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Chief Magistrate Judge Carmen E. Garza's Proposed Findings and Recommended Disposition (the "PFRD") (Doc. 20), filed October 22, 2020, and Petitioner Mario Acosta's Motion to Reconsider Proposed Findings and Recommended Disposition ("Petitioner's Objections") (Doc. 22), filed November 9, 2020. In the PFRD, the Chief Magistrate Judge recommended that Mr. Acosta's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (Doc. 1), be denied. (Doc. 20 at 14.) The parties were informed that objections to the PFRD were due within 14 days of the date the PFRD was filed. (*Id.*) Respondents filed a notice of non-objection on October 27, 2020, and Mr. Acosta filed his objections to the PFRD on November 9, 2020. (Docs. 21; 22.) Respondents did not respond to Mr. Acosta's objections, and the time for doing so has passed. *See* Rule 12 of the Rules Governing Section 2254 Proceedings in the United States District Courts; Fed. R. Civ. P. 72(b)(2). Following a *de novo* review of the Petition, PFRD, and Mr. Acosta's objections, the Court will overrule the objections, adopt the PFRD, and deny the Petition with prejudice.

    **I.**     **Background**

This case arises from Mr. Acosta's unlawful taking of a motor vehicle on May 3, 2015. (Doc. 19-1 at 1, 33.) On August 9, 2016, in the Fifth Judicial District Court in Lea County (the

"state trial court"), Mr. Acosta filed a motion to suppress statements he made during his custodial interview at the police station, arguing that his *Miranda* waiver was not knowing, voluntary, and intelligent at the time of his interview, given his recent drug use and mental illness. (*Id.* at 3–4.) On August 11, 2016, the state trial court denied the motion, and a jury found Mr. Acosta guilty of the unlawful taking of a motor vehicle. (*Id.* at 1, 5.) The state trial court sentenced Mr. Acosta to eighteen months with a habitual-offender enhancement of eight years, for a total term of nine and a half years. (*Id.*)

Mr. Acosta filed a direct appeal of his conviction with the New Mexico Court of Appeals. (*Id.* at 32.) In his appeal, he argued that the state trial court erred by denying his motion to suppress his confession in violation of *Miranda v. Arizona* because "there was a question about his mental state" at the time of his interview. (*Id.*) The state court of appeals affirmed Mr. Acosta's conviction, concluding that he "failed to provide any evidence to support a conclusion that he did not voluntarily, knowingly, and intelligently waive his *Miranda* rights." (*Id.* at 49, 60.) Mr. Acosta petitioned the New Mexico Supreme Court for a writ of certiorari, challenging the state court of appeals' decision. (*Id.* at 69.) The state supreme court denied Mr. Acosta's petition, thereby affirming his conviction. (*Id.* at 76.) Mr. Acosta then filed his § 2254 Petition. (Doc. 1.)

In his Petition, Mr. Acosta raises one exhausted ground for relief—that his *Miranda* waiver was not voluntarily, knowingly, and intelligently given, and thus the state trial court improperly admitted his confession.[1] (Doc. 1.) In response to the Petition, Respondents concede that Mr. Acosta exhausted available state court remedies as to this claim but argue the claim should be denied on its merits. (Doc. 19 at 8–9.)

---

[1] Mr. Acosta initially presented three additional, unexhausted grounds for relief in his § 2254 petition, which he later moved to dismiss. (Docs. 15; 18.)

In the PFRD, Judge Garza considered Mr. Acosta's claim and explained that under 28 U.S.C. § 2254(d), he must show that the state courts' decisions were contrary to or an unreasonable application of clearly established federal law, or that they were unreasonable determinations of fact. (Doc. 20 at 6.) Judge Garza ultimately found that the state courts' decisions were not contrary to or an unreasonable application of clearly established federal law, and did not result in unreasonable determinations of fact in light of the evidence presented. (*Id.* at 7–15.) Therefore, she recommended that Mr. Acosta's Petition be denied. (*Id.*)

Mr. Acosta objects to the findings regarding the constitutionality of his confession and separately raises new concerns about his current conditions of confinement. (Doc. 22 at 1–2.)

**II.      Analysis**

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

**A. Mr. Acosta's Objections to the PFRD**

First, the Court construes Mr. Acosta's Motion to Reconsider Proposed Findings and Recommended Disposition as objections to the PFRD. In his objections, Mr. Acosta challenges

the finding that upheld the state court decisions that his *Miranda* waiver, his subsequent statements to law enforcement, and the admission of those statements at trial were constitutional. (Docs. 20; 22.) Mr. Acosta also alleges for the first time that Detective White, the interviewing officer who obtained his *Miranda* waiver, observed a medical bracelet around Mr. Acosta's wrist. (Doc. 22 at 1–2.) Mr. Acosta alleges that as a result of seeing this medical bracelet, Detective White knew Mr. Acosta was not mentally stable enough to voluntarily, knowingly, and intelligently waive his *Miranda* rights. (*Id.*) He then alleges, also for the first time, that Detective White promised that "he would get [Mr. Acosta] out of jail later on" if he admitted to committing the crime. (*Id.*)

A *Miranda* waiver is voluntary if it is "the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine*, 475 U.S. 412, 421 (1986); *see also Miranda v. Arizona*, 384 U.S. 436 (1966). A *Miranda* waiver must also be knowing and intelligent, meaning it must be made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Colorado v. Spring*, 479 U.S. 564, 573 (1987). This Court's review of the state court decisions holding that Mr. Acosta's *Miranda* waiver was voluntary, knowing and intelligent is limited to whether that determination was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2).

Under Tenth Circuit law, a suspect must be not merely intoxicated but "impaired to a substantial degree" by drugs to overcome his ability to knowingly and intelligently waive his Fifth Amendment rights under *Miranda. United States v. Burson*, 531 F.3d 1254, 1258 (10th Cir. 2008). Additionally, "mental illness, without any evidence of police coercion, is insufficient" to render a

petitioner's confession involuntary. *McGregor v. Gibson*, 219 F.3d 1245, 1254–55 (10th Cir. 2000), *on reh'g en banc*, 248 F.3d 946 (10th Cir. 2001).

In the PFRD, the Chief Magistrate Judge considered Mr. Acosta's claim that his *Miranda* waiver was invalid because Detective White knew Mr. Acosta was not mentally stable at the time. (Doc. 1 at 5.) Mr. Acosta argued that his *Miranda* waiver was thus not voluntarily, knowingly, and intelligently given, and that his confession was improperly admitted by the state trial court. (*See* (Doc. 19-1 at 3-4, 32, 54, 70.) Judge Garza rejected this claim, finding Mr. Acosta had failed to allege any acts of coercion by Detective White and had failed to sufficiently allege that any mental illness rendered his *Miranda* waiver not voluntary, knowing, or intelligent. (Doc. 20 at 12, 14.) She noted that Mr. Acosta confessed to a specific crime with verifiable details and signed the Advice of Rights Waiver form the police provided him. (Doc. 19-1 at 33, 53.) She further noted that Mr. Acosta did not lose lucidity and was not actively psychotic at any time during his interview. (*See id.* at 3, 33, 53–54; Doc. 1 at 5, 16–17.) She therefore found that the state courts' decisions on this claim were not contrary to or an unreasonable application of clearly established federal law. (Doc. 20 at 14.)

Additionally, Mr. Acosta failed to allege in his state case either that he was wearing a medical bracelet or that Detective White promised to get him out of jail if he confessed. (*See* Doc. 19-1 at 4, 33, 53–54, 64.) He also failed to raise these issues in the instant Petition. (*See* Doc. 1.) As such, these issues are waived. *See Garfinkle*, 261 F.3d at 1031 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Therefore, the Court overrules these objections.

### B. Mr. Acosta's Objections to His Conditions of Confinement

Second, Mr. Acosta states in his Objections that, under his current conditions of

confinement, his health is at risk given the coronavirus pandemic. (Doc. 22 at 2.) Specifically, he indicates he suffers from a variety of underlying health issues and explains that the lack of social distancing in the detention center exposes him to increased risk of exposure to coronavirus. (*Id.*)

To the extent that these issues relate to the claim in Mr. Acosta's Petition, they are waived because he did not raise them in the Petition. *See Garfinkle*, 261 F.3d at 1031. In the more likely event that Mr. Acosta raises these issues as a challenge to his conditions of confinement or seeks compassionate release under 18 U.S.C. § 3582(c), they are improperly raised in the instant § 2254 habeas case. For these reasons, the Court overrules these objections.

### III.    Conclusion

For the foregoing reasons, the Court finds that the Chief Magistrate Judge conducted the proper analysis and correctly concluded the state courts' decisions were not contrary to or unreasonable applications of clearly established federal law and did not result in an unreasonable determination of facts in light of the evidence presented. Therefore, the Court overrules Mr. Acosta's objections.

**IT IS THEREFORE ORDERED** that Mr. Acosta's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE